UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
Victor Plastics, Inc.,                                    Bky. No. 08-40171-DDO
                                                                  Chapter 7
                    Debtor.

Julia A. Christians, Trustee for the Bankruptcy
Estate of Victor Plastics, Inc.,
                    Plaintiff,

v.                                                        Adv. Pro. No.10-04007

Westfield Bank, FSB,
                    Defendant.

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT,** dated as of June 7, 2010, is made by and between Julia A. Christians, as Chapter 7 Trustee for the Bankruptcy Estate of Victor Plastics, Inc. ("Trustee") and Westfield Bank, FSB, ("Creditor") (together referred to as the "Parties").

## RECITALS

**WHEREAS,** on January 15, 2008, Victor Plastics, Inc., filed a voluntary bankruptcy petition under chapter 11 of title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Minnesota ("Bankruptcy Court");

**WHEREAS,** by Order entered July 25, 2008, the Bankruptcy Court ordered that the case be converted to one under Chapter 7 of the Bankruptcy Code, and Julia A. Christians was appointed the Chapter 7 Trustee for the Bankruptcy Estate of Victor Plastics, Inc.;

**WHEREAS**, in the above-captioned adversary proceeding, the Trustee has alleged that the Creditor received preferential transfers from the Debtor in the aggregate amount of $112,626.80 (collectively, the "Transfers"), and has made demand ("the Preference Claim") for avoidance and repayment of the Transfers;

**WHEREAS**, the Creditor has denied liability and raised various defenses to the Preference Claim, including contentions that Creditor was secured at the times of payment, and allegations that the Transfers are subject to the ordinary-course-of-business defense; and,

**WHEREAS**, in the interest of settlement and compromise, the Trustee and the Creditor have agreed to settle the Preference Claim in accordance with the terms and conditions of this Settlement Agreement.

**NOW THEREFORE,** in consideration of the premises and of the mutual promises and covenants contained herein, the Trustee and the Creditor hereby stipulate and agree and follows:

1. In full and final settlement of the Preference Claim, within ten (10) business days of notice to the undersigned Creditor's counsel of Court approval of this Settlement Agreement, the Creditor shall pay to the Trustee the amount of Nine Thousand Dollars ($9,000.00) ("Settlement Payment") in the form of a check or money order made payable to "Julia A. Christians, Trustee," and delivered to the Trustee's undersigned counsel.

2. Following payment of the Settlement Payment, the Creditor may file a proof of claim to include pursuant to 11 U.S.C. §502 (h) a general unsecured claim for the amount of the Settlement Payment.

3. Upon receipt of the Settlement Payment, the Trustee, her agents, employees and representatives, the Victor Plastics, Inc., Bankruptcy Estate, and their successors or assigns, waive and release any and all claims against the Creditor, whether known or unknown.

4. The Trustee will reference this Settlement Agreement and the Settlement Payment in a limited notice of settlement that will be filed with the bankruptcy court.

5. Within a reasonable time following payment of the Settlement Payment, the Parties shall file with the Court a notice or stipulation of dismissal of the adversary proceeding with prejudice and without costs to either Party.

6. In the event that this Settlement Agreement is for any reason not approved by the Bankruptcy Court, the Trustee, within five business days following such denial by the Bankruptcy Court, shall return to Creditor any settlement payment received, and the Parties shall be restored to their respective claims and defenses.

7. This Settlement Agreement shall be binding upon and inure to the benefit of each of the Parties and their respective successors and assigns and any successor of any of them.

8. This Settlement Agreement shall be construed, and the rights and liabilities of the Parties shall be determined, in accordance with the laws of the State of Minnesota and applicable federal law. The Bankruptcy Court retains exclusive jurisdiction to hear any and all disputes related to this Settlement Agreement.

9. This Settlement Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute but one and the same agreement. A facsimile signature shall be sufficient to bind the parties as if it were an original signature.

10. Each party warrants and represents that this Settlement Agreement is executed on its behalf by a duly authorized officer or agent.

**IN WITNESS WHEREOF,** the Parties have caused this Settlement Agreement to be duly executed as of the date first written above.

Westfield Bank, FSB

By _[signature]_

Its _Premium Finance Mgr._

_[signature]_
Edwin H. Caldie (#316866) 399930
Leonard, Street and Deinard,
Professional Association
150 South Fifth Street, Suite 2300
Minneapolis, MN 55402
Attorneys for Defendant
Westfield Bank, FSB

_[signature]_
Gordon B. Conn, Jr. (#18375)
Kalina, Wills, Gisvold & Clark, PLLP
6160 Summit Drive, Suite 560
Minneapolis, MN 55430
Attorneys for Plaintiff
Julia A. Christians, Trustee

3